UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAUDETTE J., | |
| Plaintiff, | Case No. C22-227-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in discounting her allegations of right-arm limitations. (Dkt. # 12 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the case for further administrative proceedings.

## II. BACKGROUND

Plaintiff was born in 1968, has a GED as well as additional training as an office assistant, and previously worked as a retail sales associate and in-home caregiver. AR at 126-27, 307-08. At the time of the administrative hearing, Plaintiff was working part-time as a cashier. *Id.* at 126.

In May 2019, Plaintiff applied for benefits, alleging disability as of April 1, 2019. AR at 258-59. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

ORDER - 1

requested a hearing. *Id.* at 166-75, 177-88. After the ALJ conducted a hearing in November 2020 (*id.* at 117-48), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 67-82.

Using the five-step disability evaluation process,[1] as relevant here, the ALJ found that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, and could frequently handle with her right arm. AR at 74.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

---

[1] 20 C.F.R. § 404.1520.

ORDER - 2

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

The ALJ found all of Plaintiff's allegations to be inconsistent with the objective medical evidence, which showed:

> normal range of motion, full strength, intact sensation and symmetric reflexes with intermittent findings of bilateral foot pain and tenderness, cold temperature bilateral feet and reduced bilateral ankle range of motion and one finding of a positive right wrist Tinel's sign and left knee tenderness. The claimant reported that her breathing was improved or doing well during multiple medical appointments and reporting cutting down [on] her cigarette smoking. The claimant reported being able to complete personal care chores with some difficulty getting out of the bathtub, cook simple meals, perform some household chores, drive, shop in stores, walk for a half block to a bl[o]ck and a half before needing a break and lift up to fifteen pounds. The claimant continues to work, part-time, as a cashier.

AR at 78 (citations omitted).

Plaintiff argues that the ALJ erred in discounting her allegations regarding right-arm limitations. (Dkt. # 10 at 1.) Specifically, Plaintiff contends that the ALJ erred in failing to give legally sufficient reasons to discount her allegations in her function reports that she could not lift more than 15 pounds and "had difficulty using her right hand." (*Id*. at 3 (referencing AR at 342, 347, 369).) According to Plaintiff, the ALJ's finding that the objective evidence was inconsistent with Plaintiff's allegation of right-arm limitations is not sufficiently clear because the ALJ did not cite any particular evidence that it is inconsistent with Plaintiff's allegations. (*Id*. at 7.)

The Court agrees that some of the ALJ's reasoning is not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The ALJ cited Plaintiff's reported abilities and activities but did not explain why this evidence is inconsistent with Plaintiff's right-arm allegations. For example, the ALJ noted that Plaintiff

ORDER - 3

reported an ability to lift up to 15 pounds (AR at 78), but did not explain why she instead found Plaintiff capable of lifting up to 20 pounds occasionally. *See id*. at 74. The ALJ also noted that Plaintiff reported an ability to cook simple meals (*id*. at 78), but Plaintiff explained that she could only do so for a maximum of 30 minutes at a time (*id*. at 344, 366), and therefore Plaintiff's cooking activity is not necessarily inconsistent with her alleged difficulty using her hands, nor would it be reasonable to assume it required lifting more than 15 pounds. Lastly, the ALJ appeared to rely on Plaintiff's part-time cashier job but did not explain how this work was inconsistent with any particular limitations or otherwise undermined her allegations. *Id*. at 78. These lines of reasoning are not clear and convincing and are therefore erroneous.

Even if, as emphasized by the Commissioner (dkt. # 11 at 3), the ALJ's reference to Plaintiff's full strength, intact grip strength, and intact sensation, and normal range of motion upon examination (AR at 478, 494, 500, 740) could be arguably inconsistent with Plaintiff's alleged lifting limitations, such evidence would not necessarily conflict with Plaintiff alleged difficulty using her right hand due to pain. Plaintiff also notes that instead of one positive Tinel's sign in her wrist, as found by the ALJ, the record contains two. *See* AR at 494, 500.

For these reasons, the Court finds that the ALJ's partially inaccurate summary of the medical evidence fails to amount to a clear and convincing reason to discount Plaintiff's alleged right-arm limitations. The ALJ must reconsider these allegations on remand.

### V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reconsider Plaintiff's allegations of right-arm limitations, and either credit them or provide legally sufficient reasons to discount them.

ORDER - 4

Dated this 13th day of September, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5